**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| STAN GARUS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:12-cv-0345-WTL-TAB |
| ) | |
| FAURECIA, ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Motion to Dismiss and other Pending Motions**

The plaintiff brings this action alleging race and age discrimination under federal civil rights statutes. He also asserts state law tort claims. In his amended complaint, the plaintiff names Fauercia SA as the defendant.

The defendant has filed a motion to dismiss challenging personal jurisdiction under Rule 12(b)(2) of the *Federal Rules of Civil Procedure.* The plaintiff has responded and the defendant has replied.

For the reasons explained below, the defendant's motion to dismiss [15] must be **granted.**

**Legal Standards**

When personal jurisdiction over a defendant is challenged by way of a motion to dismiss under Rule 12(b)(2), the plaintiff bears the burden of proving that jurisdiction exists and must make a *prima facie* case of jurisdiction. *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012); *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003); *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). The court accepts as true the plaintiff's undisputed allegations. *Felland*, 682 F.3d at 672. Disputes in the evidence are resolved in favor of the plaintiff, however, "once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Research*, 338 F.3d at 783.

A federal court has personal jurisdiction over a non-resident defendant if a court of the state in which it sits would have jurisdiction. *Purdue Research*, 338 F.3d at 779. Formerly, personal jurisdiction depended on whether the requirements of the state long-arm statute were met and whether federal due process requirements were satisfied. *Id.* In 2006, the Indiana Supreme Court acknowledged

that the two-step process is now one. *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 964 (Ind. 2006). The reach of Indiana state court jurisdiction extends to defendants who have certain "minimum contacts" with the state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* at 967 (internal quotations omitted). *See also* Indiana Trial Rule 4.4(A).

A defendant may be subject to either general or specific personal jurisdiction. A defendant is subject to general personal jurisdiction regarding any action when it has "continuous and systematic contacts with a state." *Felland*, 682 F.3d at 673. A defendant is subject to specific personal jurisdiction when its contacts with the forum state relate to the conduct at issue. *Id.* The three requirements to establish specific personal jurisdiction are: "(1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." *Id.* (internal citations and quotations omitted).

## Discussion

The plaintiff alleges that his claims arise from his employment from August 30, 2010, until May 13, 2011, and continued until December 2011 throughout the EEOC investigation. (Amended Complaint, p. 2). He alleges that his employer was Faurecia SA.

The defendant argues that the plaintiff was not employed by Faurecia SA. Rather, he was employed by Faurecia Emissions Control Technologies, USA, LLC at its Columbus, Indiana, facility.

According to an affidavit submitted by David Borysiak, the North American Tax Director for Faurecia North America, Faurecia SA is a French company headquartered in Nanterre Cedex, France. Prior to January 1, 2012, Faurecia SA was the sole member (i.e. shareholder) of Faurecia Emissions Control Technologies, USA, LLC, which is a limited liability company organized under the laws of the state of Delaware. The headquarters for Faurecia Emissions Control Technologies, USA, LLC is located in Columbus, Indiana.

Mr. Borysiak further states that Faurecia SA does not do business in Indiana. Faurecia SA has no facilities or employees in the state of Indiana and owns no property in Indiana. Faurecia SA and Faurecia Emissions Control Technologies have separate offices, maintain separate financial records, bank accounts and corporate records, file separate tax returns, and have separate director and shareholder meetings.

In his Amended Complaint, the plaintiff alleges that several individuals, Anthony Garnett, Kenny Cook, Mike Matthews, Mark Stidham, Chad Mollmann, Walter Riseback, Daryl Siedlemann, Mike Via, Bo Waldowsson, and Pamela Kuchur were employees of Faurecia SA. Mr. Borysiak states in his affidavit that Faurecia SA does not presently employ, nor has it ever employed, any of these individuals.

The defendant argues that the court lacks both general and specific jurisdiction. In support of its position, it points out that Faurecia SA is a French company that has not done business in Indiana and maintains offices, records, directors and shareholders separate from Faurecia Emissions Control Technologies.

The plaintiff responds that Faurecia SA is the business entity that is most responsible for the alleged negligence and wrong doing. He does not dispute, however, the fact that Faurecia SA owned Faurecia Emissions Control Technologies. He argues that by virtue of that ownership alone, Faurecia SA should be responsible for the actions of Faurecia Emissions Control Technologies. Unfortunately for the plaintiff, it is not as simple as that. Indeed, when corporate formalities are observed, the activities of a subsidiary do not form the basis for exercising jurisdiction over the parent corporation. *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.,* 230 F.3d 934, 944 (7th Cir. 2000) ("stock ownership in or affiliation with a corporation, without more, is not a sufficient minimum contact"); s*ee also LinkAmerica*, 857 N.E.2d at 964 ("actions of a subsidiary corporation do not ordinarily establish personal jurisdiction over its parent"). The plaintiff has presented no evidence that suggests that Faurecia SA had continuous and systematic contacts with Indiana or that the two corporations were not separate.

## Conclusion

There is no evidence that Faurecia SA has sufficient contacts with the state of Indiana to support personal jurisdiction. The defendant's motion to dismiss for lack of personal jurisdiction [15] is therefore **granted.**

The plaintiff's motion to continue to sue Faurecia SA [20] is **denied.** The plaintiff's motion for extension of time to file a surreply [22] is **denied** because he has provided no reason to file a surreply.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/15/2012

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

Stan Garus
2345 E. Linden Hill Drive
Bloomington, IN 47401